1   Treaver K. Hodson, SBN: 179184
    Alexandra M. Asterlin, SBN: 221286
2   PALMER KAZANJIAN WOHL HODSON LLP
    2277 Fair Oaks Boulevard, Suite 455
3   Sacramento, CA 95825
    Telephone:    (916) 442-3552
4   Facsimile:    (916) 640-1521

5   Attorneys for Defendant
    HOME & HEALTH CARE MANAGEMENT
6

7                    UNITED STATES DISTRICT COURT

8                 EASTERN DISTRICT OF CALIFORNIA

9

10  GLORIA MALLETT, individually and        Case No.
    on behalf of all others similarly situated,
11                                          [Sacramento County Superior Court, Case No.
                  Plaintiff,                34-2022-00320317]
12
         v.                                 DEFENDANT HOME & HEALTH CARE
13                                          MANAGEMENT'S NOTICE OF REMOVAL
                                            OF ACTION TO FEDERAL COURT UNDER
14  HOME HEALTH CARE                        28 U.S.C. § 1441(c) (Federal Question)
    MANAGEMENT, INC., doing business
15  as HOME AND HEALTH CARE
    MANAGEMENT, a California
16  corporation, and DOES 1 to 100,          Complaint Filed:   May 19, 2022
    inclusive,                               Trial Date:        N/A
17
                  Defendants.
18

19         TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN

20  DISTRICT OF CALIFORNIA:

21         PLEASE TAKE NOTICE HEREBY GIVEN THAT Defendant, HOME & HEALTH CARE

22  MANAGEMENT (hereafter "Defendant"), hereby removes the above-entitled civil action from the

23  Superior Court of the State of California, in and for the County of Sacramento, to the United States

24  District Court for the Eastern District of California, Sacramento Division, under 28 U.S.C. §§

25  1331, 1367, 1441(a), (c) and 1446(a)-(b). The grounds for removal are stated below:

26         1.      On May 19, 2022, Plaintiff filed a Complaint in the Superior Court of California, in

27  and for the County of Sacramento, entitled *Gloria Mallett v. Home Health Care Management, et al.,*

28  Case No. 34-2022-00320317 (the "State Court Action"). The Complaint alleges the following causes

PALMER KAZANJIAN
WOHL HODSON LLP
2277 Fair Oaks Blvd., Suite 455
Sacramento, CA 95825
916.442.3552

DEFENDANT HOME & HEALTH CARE MANAGEMENT'S NOTICE OF
REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C.§1441(c)
(Federal Question)

of action: (1) Violations of Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.*; (2) Violations of California Investigative Consumer Reporting Agencies Act, Cal. Civil Code §1786, *et seq.;* and (3) Unfair Competition in Violation of California Business & Professions Code §17200, *et seq.*

2.      The Complaint was served on Defendant on June 9, 2022. This removal is thus timely because it is filed and served within thirty (30) days of the effective date of service.  The thirty-day period for removal is measured from service of process, the date of which is determined by state law. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

3.      The Summons, Complaint, Civil Case Cover Sheet, Notice and Order of Complex Case Determination, and Certificate of Service by Mailing constitute all of the pleadings, process, and orders served on Defendant in the state court action.  A true and correct copy of all said pleadings, process and/or orders is attached hereto as **Exhibit A.**

4.      This Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. section 1331. Specifically, this Court has jurisdiction over Plaintiff's claims because she has alleged a federal question, under the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq*., on the face of her complaint. Additionally, it is appropriate for the Court to exercise its jurisdiction over Plaintiff's action under the California Investigative Consumer Reporting Act, Ca. Civil Code §1786, *et seq*. and the California Unfair Competition Act, Ca. Business & Professions Code §17200, *et seq*., pursuant to 28 U.S.C. §1367, as these claims "are so related to the claims in the action within such original jurisdiction…that they form the same or controversy under Article III of the United States Constitution." 28 U.S.C. §1367. The state law causes of action asserted in the Complaint generate from a common nucleus of operative facts, they do not raise novel or complex issues of California law, and the State claims do not predominate. See 28 U.S.C. §1367.

5.      Venue lies in the United States District Court for the Eastern District of California, Sacramento Division, pursuant to 28 U.S.C. § 1441(a) because this is the district and division embracing the place where the State Action is pending, which is Sacramento County.

6.      Defendant on this day will also serve and file in the Superior Court of the State of California in and for the County of  Sacramento, an Answer to Plaintiff's Complaint. A copy is attached hereto as **Exhibit B**.

PALMER KAZANJIAN
WOHL HODSON LLP
2277 Fair Oaks Blvd., Suite 455
Sacramento, CA 95825
916.442.3552

DEFENDANT HOME & HEALTH CARE MANAGEMENT'S NOTICE OF
REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C.§1441(c)
(Federal Question)

2.

7.      Defendant on this day will serve and file in the Superior Court of the State of California in and for the County of Sacramento, a Notice to State Court of Removal of Civil Action.  A copy of which, without its accompanying exhibit, is attached hereto as **Exhibit C**.  *See* 28 U.S.C. § 1446(a), (d).

8.      Defendant on this day will also serve and file a Notice to Plaintiff of Filing Notice of Removal, a copy of which, without its accompanying exhibit, is attached hereto as **Exhibit D**.  *See* 28 U.S.C. § 1446(d).

9.      Defendant reserves the right to assert any other or additional grounds for removal and for this Court's jurisdiction, should jurisdiction be contested or the grounds stated herein be insufficient.

10.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert any defense or affirmative matter.

WHEREFORE, Defendant prays the above action be removed from the Superior Court of the State of California in and for the County of Sacramento to this Court.

Dated: July 11, 2022                    PALMER KAZANJIAN WOHL HODSON LLP


By: _____
                                        Treaver K. Hodson
                                        Alexandra M. Asterlin

                                        Attorneys for Defendant
                                        HOME & HEALTH CARE MANAGEMENT

PALMER KAZANJIAN
WOHL HODSON LLP
2277 Fair Oaks Blvd., Suite 455
Sacramento, CA 95825
916.442.3552

DEFENDANT HOME & HEALTH CARE MANAGEMENT'S NOTICE OF
REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C.§1441(c)
(Federal Question)

3.

EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HOME HEALTH CARE MANAGEMENT, INC. doing business as HOME AND HEALTH CARE MANAGEMENT, a California corporation, and DOES 1 to 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GLORIA MALLETT, individually and on behalf of all others similarly situated

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CIVIL DROP BOX

2022 MAY 19  PM 12:10

CLERK OF THE COURT
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Sacramento Superior Court | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|

Gordon D. Schaber Sacramento County Courthouse,
720 9th Street, Sacramento, CA 95814

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

James M. Treglio; Potter Handy, LLP; 100 Pine St., Ste 1250, San Francisco, CA 94111; (858) 375-7385

| DATE:<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*   HOME HEALTH CARE MANAGEMENT, INC.

under: ☑ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**POTTER HANDY LLP**
Mark D. Potter (SBN 166317)
mark@potterhandy.com
James M. Treglio (SBN 228077)
jimt@potterhandy.com
100 Pine St., Ste 1250
San Francisco, CA 94111
(858) 375-7385
Fax: (888) 422-5191

Attorneys for Plaintiff and the Putative Class

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| GLORIA MALLETT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOME HEALTH CARE MANAGEMENT, INC. doing business as HOME AND HEALTH CARE MANAGEMENT, a California corporation, and DOES 1 to 100, inclusive<br><br>Defendants. | CASE NO:<br><br>CLASS AND INDIVIDUAL ACTION COMPLAINT FOR:<br><br>(1)   VIOLATIONS   OF   FAIR   CREDIT REPORTING ACT, 15 U.S.C. §1681 ET SEQ.;<br>(2) VIOLATIONS OF CALIFORNIA INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT, CAL. CIVIL CODE §1786, ET. SEQ.; AND<br>(3) UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200, ET SEQ.<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Gloria Mallett ("Plaintiff"), on behalf of herself, the State of California, and all others similarly situated (hereinafter "Class Members") complains and alleges as follows:

### OVERVIEW OF CLAIMS

1.      Plaintiff brings this action on behalf of herself and all others similarly situated, as a class action complaint against Defendants Home Health Care Management, Inc. doing business as Home and Health Care Management ("Defendant") and DOES 1 to 100 (collectively "Defendants") for (1) requiring Plaintiff and her fellow applicants to undergo background checks in violation of the Fair Credit Reporting Act ("FCRA"); (2) requiring Plaintiff to undergo background checks in violation of the Investigative Consumer Reporting Agencies Act

1  ("ICRAA"); and (3) unfair business practices based on the foregoing.  As a result of the foregoing,

2  Defendants have violated California statutory laws as described below.

3      2.      The "Class Period" is designated as the period from four years prior to the filing of

4  this Complaint trough the trial date. Defendants' violations of the FCRA and unfair competition

5  laws, as described more fully below, have been ongoing throughout the Class Period.

6                                   **VENUE**

7      3.      Venue is proper in this county under section 395.5 of the California Code of Civil

8  Procedure.  Many, if not all, of the putative Class Members applied with, were employed by,

9  and/or performed work for Defendants in Sacramento County during the Class Period. Many of the

10  acts alleged herein including Defendant's background checks done in violation of the law occurred

11  in Sacramento County.  Venue is therefore proper in Sacramento County.

12                                   **JURISDICTION**

13     4.      Defendants are within the jurisdiction of this Court.  Defendants transact millions of

14  dollars as a company that provides quality and comprehensive care for older adults and those

15  living with disabilities in Northern California, including in the County of Sacramento.  Thus,

16  Defendants have obtained the benefits of the laws of the State of California.  In addition, Plaintiff

17  asserts no claims arising under federal law.  Rather, Plaintiff brings causes of action based solely

18  on, and arising from, California law.  The claims of the Class are also based solely on California

19  law described herein.

20     5.      Further, this action is not amenable to federal jurisdiction pursuant to 28 U.S.C.

21  §1332, as (1) more than two-thirds of the members of the Class as defined below are citizens of the

22  state of California,(2) the defendants from whom significant relief is sought, whose alleged

23  conduct forms a significant basis for the claims asserted by the Class, does business in the state of

24  California, and (3) the principal injuries resulting from the conduct alleged herein incurred in the

25  state of California.

26  //

27  //

28

---

PLAINTIFF'S CLASS ACTION COMPLAINT

2

**THE PARTIES**

**A.    The Plaintiff**

6.      Plaintiff is a California resident and in or about February 2021, she applied as a social worker with Defendant.  At all relevant times, Plaintiff was subjected to background checks that violated the law.

7.      Plaintiff   seeks  to  represent  "all  individuals  who  applied  with  or  are  or  were employed by Defendant, or its predecessor or merged entities in California as hourly, non-exempt employees who are or were required to undergo a background check as part of their application process  during  the  Class  Period  ("applicant  class  members,"  "Class  Members,"  and/or  the "Class")."

**B.    The Defendants**

8.      Defendant  Home  Health  Care  Management,  Inc.  doing  business  as  Home  and Health  Care  Management,  is  a  California  corporation  headquartered  in  Chico,  California. Defendant is a company that provides quality and comprehensive care for older adults and those living with disabilities in Northern California. To provide its services, Defendant employs social workers, such as the Plaintiff and the Class Members.

9.      The  true  names  and  capacities,  whether  individual,  corporate,  associate,  or otherwise, of Defendants sued herein as DOES 1 to 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474.  Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

10.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are

1    legally attributable to the other Defendants.  Furthermore, Defendants in all respects acted as the

2    employer and/or joint employer of Plaintiff and the Class Members.

3         11.    California courts have recognized that the definition of "employer" for purposes of

4    enforcement of the California Labor Code goes beyond the concept of traditional employment to

5    reach irregular working arrangements for the purpose of preventing evasion and subterfuge of

6    California's labor laws. *Martinez v. Combs* (2010) 49 Cal. 4th 35, 65. As such, anyone who

7    directly or indirectly, or through an agent or any other person, engages, suffers, or permits any

8    person to work or exercises control over the wages, hours, or working conditions of any person,

9    may be liable for violations of the California Labor Code as to that person. Cal. Labor Code §§558

10   and 558.1.

11        12.    California law also permits and recognizes the piercing of a corporate veil between

12   sister companies and under the single enterprise rule. *Hasso v. Hapke* (2014) 227 Cal. App. 4th

13   107, 155; *Greenspan v. LADT, LLC* (2010) 191 Cal. App. 4th 486, 512. The single enterprise rule

14   applies where "there are two or more personalities, there is but one enterprise; and that this

15   enterprise has been so handled that it should respond, as a whole, for the debts of certain

16   component elements of it." *Hasso* 227 Cal. App. 4th at 155; *Greenspan*, 191 Cal. App. 4th at 512.

17                                    **FACTUAL ALLEGATIONS**

18        13.    Plaintiff and the Class Members applied with and/or are or were employed by

19   Home Health Care Management, Inc. doing business as Home and Health Care Management, a

20   company that provides quality and comprehensive care for older adults and those living with

21   disabilities in Northern California.

22        14.    In or about February 2021, Plaintiff applied for a social worker position with

23   Defendant.

24        15.    In order to work for Defendants, Plaintiff and the Applicant Class Members must

25   comply with all of Defendants' policies, including undergoing a background check which includes

26   a credit history and a review of their criminal background. To that end, Plaintiff and the Applicant

27   Class Members complete an OIG / SAM Verification Form ("Verification").   Only upon

28

JUN 0 9 2022

1 | completion of the consumer credit report and the investigative consumer report, could Plaintiff and

2 | the Applicant Class Members be allowed to work for Defendants.

3 | 16.    The Verification states that: "In order to work for Home and Health Care

4 | Management, we must perform, as part of our background check verification, that your name is not

5 | listed on the System for Award Management (SAM), as well as the Office of Inspector General

6 | (OIG) list."

7 | 17.    The Verification further provides that: "Applicants may be denied employment

8 | solely on the grounds of being listed on these lists."

9 | 18.    The Verification had a check box that an applicant could tick if he/she would like a

10 | copy of the background check report. Plaintiff checked this box.

11 | 19.    The bottom part of the Verification states that: "We have information required by

12 | the Fair Credit Reporting Act (FCRA) "Summary of Rights" and the California required

13 | "Statement of Consumer Rights" available to all applicants." However, Plaintiff was not provided

14 | with these Summary of Rights and Statement of Consumer Rights.

15 | 20.    Shortly after being hired, Plaintiff was informed by Defendant that she was

16 | terminated and that the offer of employment was rescinded based on items contained in her

17 | background check. Defendant never provided Plaintiff with a Pre-Adverse Action Notice.

18 | 21.    Rather than provide Plaintiff with an opportunity to respond to items contained

19 | within the consumer report, Defendant immediately terminated her employment. Plaintiff was not

20 | provided with a copy of her consumer report, or a summary of rights under the FCRA.

21 | 22.    Plaintiff and the Class Members are required by Defendant to undergo background

22 | checks in violation of California law. Specifically, the Defendants violated the Investigative

23 | Consumer Reporting Agencies Act ("ICRAA"), Civil Code §1786.16 and the Fair Credit

24 | Reporting Act ("FCRA"), 15 U.S.C. §1681, et seq. when it required Plaintiff and the Class

25 | Members to sign a Disclosure that had extraneous information, rather than a standalone document

26 | as required under the FCRA.

27 | 23.    All background checks are defined as consumer reports under the FCRA.

28 |

Specifically, the FCRA defines a consumer report as:

> In general.—The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for—
> (A) credit or insurance to be used primarily for personal, family, or household purposes;
> (B) employment purposes; or
> (C) any other purpose authorized under section 1681b of this title.

15 U.S.C. 1681a(d)(1).

24.     Companies that perform consumer reports are, under the FCRA, consumer reporting agencies. 15 U.S.C. 1681a(f). Under the FCRA, a "person" is the entity that orders the report, a "consumer" is the person who the report is run on, and the consumer reporting agency is the entity the runs the report.

25.     Prior to ordering any report, the FCRA, specifically 15 U.S.C. §1681b(b)(2)(A), requires that the person or employer must provide each consumer with the following:

> (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and
> (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

26.     In this instance, the Verification form provided to Plaintiff failed to meet the "standalone" test, as it included, amongst other items, Defendant's company information, which constitute willful violations of the FCRA. *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017); *Gilberg v. California Check Cashing Stores, LLC*, 913 F.3d 1169 (9th Cir. 2019).

27.     In addition, the FCRA limits the use of the report to make adverse actions against the employee, stating that an employer cannot take adverse action against the employee unless the employer does the following:

> in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending

to take such adverse action shall provide to the consumer to whom the report relates—
(i) a copy of the report; and
(ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under section 1681g(c)(3)(1) of this title.

15 U.S.C. §1681b(b)(3)(A)(i) and (ii).

28.     Prior to its decision to terminate and rescind Plaintiff's employment, Defendants did not provide Plaintiff with a copy of her consumer report, and did not provide her with a summary of her rights under the FCRA. Defendants did not provide Plaintiff with a Pre-Adverse Notice either. While these acts violate the FCRA, they are within the provisions of the Verification form, which informed Plaintiff that her employment could be terminated based on items contained within the consumer report.

29.     Plaintiff and Class Members were asked by Defendant to sign numerous documents in relation to Defendant's offer of employment. These documents, including the Verification form for the consumer reports performed on Plaintiff and the Class Members, were handed to Plaintiff and the Class Members in one stack, and they were required to sign these documents on the spot. Thus, Defendants violated the FCRA by not providing Plaintiff and the Class Members with the disclosures to perform consumer reports as standalone documents.

30.     Indeed, Courts have held that providing FCRA disclosure forms as part of employment applications violates the FCRA. *E.E.O.C. v. Video Only, Inc.*, 2008 WL 2433841 at *11 (D. Or. June 11, 2008) (granting summary judgment against the defendant employer who made a disclosure as a part of the job application, which is not a document consisting solely of the disclosure*); Rubio-Delgado v. Aerotek, Inc.*, 2015 WL 3623627, at *1 (N.D. Cal. June 10, 2015) ("Employers also violate the FCRA if they provide the required disclosure in a document that does not consist solely of the disclosure, such as when the disclosure is integrated as part of a job application.")

31.     Indeed, the inclusion of any extraneous information, including information related to the disclosure, violates the FCRA. In *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017), the 9th

1  Circuit held that the employer violated this provision when it included a liability waiver in the

2  disclosure. See *Moody v. Ascenda USA*, 2016 WL 4702681 (S.D. Fla. July 1, 2016) (holding that

3  inclusion of a waiver in an authorization and disclosure form violates 15 U.S.C. 15 U.S.C. §

4  1681b(b)(2)(A)) ("the Court will align itself with the district courts that have held that inclusion of

5  a waiver within the disclosure document is sufficient to state a violation of § 1681b(b)(2)(A)(i).");

6  See *Milbourne v. JRK Residential Am.,* LLC, 92 F. Supp. 3d 425, 433 (E.D. Va. 2015) (holding

7  that the inclusion of a waiver within a document containing the disclosure would violate 15 U.S.C.

8  § 1681b(b)(2)(A)) ("[A]lthough the policy goal of the FCRA may have been to secure clear

9  disclosures to consumers, it does so in part by including language that requires the disclosure to be

10  in its own separate document."); *Reardon v. Closetmaid Corp.*, 2013 WL 6231606 at *10-11

11  (W.D. Pa. Dec. 2, 2013) (holding that a disclosure with a liability waiver was contrary to the

12  statute).

13      32.     In addition to the FCRA, the ICRAA, Cal. Civil Code §1786, et. seq., provides

14  protections to employees who undergo a background check (called an investigative consumer

15  report by the statute), for employment purposes. Like the FCRA, the ICRAA requires that

16  employers who order background checks on their employees provide them with a disclosure

17  regarding the background check in a standalone document. Cal. Civil Code §1786.16. It also

18  requires that an employer who undertakes an adverse action against the employee based on items

19  contained in the background check provide the employee with a copy of the background check,

20  along with a summary of rights under the ICRAA. Cal. Civil Code §1786.40. The report and the

21  summary of rights must be provided before any adverse action can be undertaken.

22      33.     As stated above, Defendants did not provide the disclosure form as a standalone

23  document, and did not provide Plaintiff with copies of her background report and a summary of

24  their rights under the ICRAA prior to Defendants undertaking an adverse action against her. Thus,

25  Defendants violated the ICRAA.

26      34.     At all relevant times, Defendants were aware and have knowledge of the

27  requirements of the FCRA and the ICRAA.

28

35.     Indeed, even if Defendants were not initially aware of the requirements of the FCRA and ICRAA, Defendants, in obtaining consumer reports, investigative consumer reports, and consumer credit reports on Plaintiff and the Class Members, utilized consumer reporting agencies which are prohibited from providing such reports to Defendants without first obtaining a certification that Defendants would comply with the FCRA and ICRAA. 15 U.S.C. §1681b(b)(2); Civil Code §1786.12(e).

36.     As such, Plaintiff and the Applicant Class Members were unlawfully required to undergo investigative consumer reports as a consequence of their employment, in direct violation of Labor Code §432.5, Civil Code §1786.16, and 15 U.S.C. §1681b(b)(2).

## CLASS ACTION ALLEGATIONS

37.     Plaintiff brings this action, on behalf of herself and all others similarly situated, as a class action pursuant to Code of Civil Procedure § 382.

38.     Plaintiff seeks to represent "all individuals who applied with or are or were employed by Defendant, or its predecessor or merged entities in California as hourly, non-exempt employees who are or were required to undergo a background check as part of their application process during the Class Period."

39.     This action has been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation, the proposed class is easily ascertainable, and Plaintiff is a proper representative of the Class:

a.     <u>Numerosity</u>:  The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants have, on average, during the Class Period employed over 200 Class Members.  The Class Members are dispersed throughout California.  Joinder of all members of the proposed classes is therefore not practicable.

b.     <u>Commonality</u>: There are questions of law and fact common to Plaintiff and

JUN 09 2022

1   the Class that predominate over any questions affecting only individual members of the Class.

2   These common questions of law and fact include, without limitation:

3                 i.   Whether Defendants required Plaintiff and the Class Members to undergo

4   background checks in violation of the FCRA;

5                ii.   Whether Defendants engaged in an unfair practice and violated section

6   17200 of the California Business and Professions Code by requiring Class Members to undergo

7   background checks in violation of the FCRA;

8               iii.   Whether Plaintiff and the Class are entitled to restitution under Business and

9   Professions Code § 17200;

10              iv.   The proper formula(s) for calculating damages, interest, and restitution

11   owed to Plaintiff and the Class Members;

12               v.   The nature and extent of class-wide damages.

13        c.    <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Class.  Both

14   Plaintiff and Class Members sustained injuries and damages, and were deprived of property rightly

15   belonging to them, arising out of and caused by Defendants' common course of conduct in

16   violation of law as alleged herein, in similar ways and for the same types of unlawful background

17   checks.

18        d.    <u>Adequacy of Representation</u>:  Plaintiff is a member of the Class and will

19   fairly and adequately represent and protect the interests of the Class and Class Members.

20   Plaintiff's interests do not conflict with those of Class and Class Members.  Counsels who

21   represent Plaintiff are competent and experienced in litigating large wage and hour class actions,

22   and other employment class actions, and will devote sufficient time and resources to the case and

23   otherwise adequately represent the Class and Class Members.

24        e.    <u>Superiority of Class Action</u>:  A class action is superior to other available

25   means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class

26   Members is not practicable, and questions of law and fact common to the Class predominate over

27   any questions affecting only individual members of the Class.  Each Class Member has been

28

damaged or may be damaged in the future by reason of Defendants' unlawful policies and/or practices. Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Certifying this case as a class action is superior because it allows for efficient and full disgorgement of the ill-gotten gains Defendants have enjoyed by maintaining its unlawful background check policies and will thereby effectuate California's strong public policy of protecting employees from deprivation or offsetting of compensation earned in their employment. If this action is not certified as a Class Action, it will be impossible as a practical matter, for many or most Class Members to bring individual actions to recover monies unlawfully withheld from their lawful compensation due from Defendants, due to the relatively small amounts of such individual recoveries relative to the costs and burdens of litigation.

**FIRST CAUSE OF ACTION**
**FOR VIOLATION OF THE FEDERAL CREDIT REPORTING ACT**
**(Violation of 15 U.S.C. §§ 1681b(b)(2)(A)(i))**
**(On Behalf of Plaintiff and the Class against all Defendants)**

40.     Plaintiff alleges and incorporates by this reference the allegations in all preceding paragraphs.

41.     Defendants can all be defined as a "person" as defined by 15 U.S.C § 1681a(b) of the FCRA. Defendants obtained and used consumer reports of its employees and job applicants for employment purposes. Plaintiff and the Class "consumers" as defined by 15 U.S.C § 1681a(c) because they are individuals. At all relevant times, Plaintiff and the Class applicants for employment with Defendants.

42.     15 U.S.C. § 1681b(b)(2)(A)(i) provides that a person may not procure a consumer report for employment purposes unless the person provides the applicant with a "clear and conspicuous" disclosure "in a document that consists solely of the disclosure." 15 U.S.C. §1681b(b)(2)(A)(i). The Ninth Circuit recently held that "the FCRA unambiguously bars a prospective employer from including a liability waiver on a disclosure document provided a job

applicant pursuant to Section 1681b(b)(2)(A)." *Syed v. M-I, LLC*, 853 F.3d 492, 503 (9th Cir. 2017). Further the Ninth Circuit also recently held that state law disclosures also constitute "extraneous information" in violation of the FCRA. *Gilberg v. California Check Cashing Stores*, 913 F.3d 1169 (9th Cir. 2019).

43.     The form that was given to Plaintiff and the Class to sign and which was signed by Plaintiff and the Class contained extraneous information. By including such extraneous information in its disclosure form, Defendants violated 15 U.S.C. § 1681b(b)(2)(A)(i) by not providing Plaintiff and the Class with a "clear and conspicuous" disclosure "in a document that consists solely of the disclosure." And, because subsection (i) is "not subject to a range of plausible interpretations," an employer who includes a liability waiver on a disclosure document willfully violates that provision "as a matter of law," regardless of their subjective interpretation of the statute. *Syed v. M-I, LLC*, 853 17 F.3d at 505.

44.     Pursuant to 15 U.S.C. § 1681b(b)(2), Plaintiff and the Class entitled to receive certain information at a specific time, namely a disclosure that a consumer report may be procured for employment purposes in a document consisting solely of the disclosure. Such a disclosure was required to be provided to Plaintiff and the Class before the consumer reports were to be procured. By depriving Plaintiff and the Class of this information, Defendants injured Plaintiff and the Class. *Public Citizen v. U.S. Department of Justice*, 491 U.S. 440, 449 (1989); *Federal Election Commission v. Akins*, 524 U.S. 11 (1998).

45.     Defendants violated the FCRA by procuring as defined by 15 U.S.C. § 1681a(d) on Plaintiff and the Class without first making proper disclosures in the format required by 15 U.S.C. § 1681b(b)(2)(A)(i). Namely, these disclosures had to be made: (1) before Defendants actually procured consumer reports, and (2) in a stand-alone document, clearly informing Plaintiff that Defendants might procure a consumer report on each of them for purposes of employment.

46.     Second, Defendants invaded the right of privacy of Plaintiff and the Class. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the

1   statutory requirements (i.e., disclosure and authorization) set forth in the following

2   subsections: 15 U.S.C. § 1681b(b)(2). As one court put it, "[t]he FCRA makes it unlawful to

3   'procure' a report without first providing the proper disclosure and receiving the consumer's

4   written authorization." *Harris v. Home Depot U.S.A., Inc.*, 114 F. Supp. 3d 868, 869 (N.D. Cal.

5   2015).

6       47.     The consumer reports of Plaintiff and the Class contained a wealth of private

7   information which Defendants had no right to access under the FCRA. The consumer reports of

8   Plaintiff and the Class contained included, *inter alia*, information regarding the creditworthiness of

9   the applicant, their general character and other private information. By procuring consumer reports

10  containing this private information without complying with the FCRA's disclosure requirements,

11  Defendants illegally invaded Plaintiff and the Class' right to privacy.

12      48.     Defendants' conduct in violation of 15 U.S.C. §§ 1681b(b)(2)(A) was and is willful.

13  Defendants acted in deliberate or reckless disregard of its obligations and the rights of its

14  employees and job applicants, including Plaintiff and the Class. The foregoing violations were

15  willful. Defendants knew or recklessly disregarded the fact that the disclosure form it utilized must

16  be a stand-alone form (separate from the employment application), and should not include items

17  not strictly required by the FCRA. Defendants acted in deliberate or reckless disregard of its

18  obligations and the rights of Plaintiff and the Class under 15 U.S.C. § 1681b(b)(2)(A)(i).

19  Defendants' willful conduct is reflected by, among other things, the following facts:

20          a. Defendant is a company with access to legal advice through outside employment

21          counsel, and there is no contemporaneous evidence that it determined that its conduct was

22          lawful;

23          b. Defendant knew or had reason to know that its conduct was inconsistent with published

24          FTC guidance and case law interpreting the FCRA and the plain language of the statute;

25          c. Defendant voluntarily ran a risk of violating the law substantially greater than the

26          risk associated with a reading that was merely careless;

27

28

---

PLAINTIFF'S CLASS ACTION COMPLAINT

13

1     d. because subsection (i) is not subject to a range of plausible interpretation, employers

2     who include a liability waiver in its disclosure form willfully violates that provision as a

3     matter of law, regardless of their subjective interpretation of the statute.

4       49.     In addition, the FCRA limits the use of the report to make adverse actions against

5 the employee, stating that an employer cannot take adverse action against the employee unless the

6 employer does the following:

7            in using a consumer report for employment purposes, before taking any
           adverse action based in whole or in part on the report, the person intending

8            to take such adverse action shall provide to the consumer to whom the
           report relates—

9            (i) a copy of the report; and

10            (ii) a description in writing of the rights of the consumer under this
           subchapter, as prescribed by the Bureau under section 1681g(c)(3)(1) of

11            this title.

12 15 U.S.C. §1681b(b)(3)(A)(i) and (ii).

13       50.     Prior to its decision to terminate and rescind Plaintiff's employment, Defendants

14 did not provide Plaintiff with a copy of her consumer report, and did not provide her with a

15 summary of her rights under the FCRA. Defendants did not provide Plaintiff with a Pre-Adverse

16 Notice either. While these acts violate the FCRA, they are within the provisions of the Verification

17 form, which informed Plaintiff that her employment could be terminated based on items contained

18 within the consumer report.

19       51.     As a result of such conduct, Plaintiff and the Class are entitled to statutory damages

20 of not less than $100 and not more than $1,000 for each and every one of these violations pursuant

21 to 15 U.S.C. §1681n(a)(1)(A).

22       52.     As a result of such conduct, Plaintiff and the Class are further entitled to recover

23 their attorneys' fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

24 //

25 //

26 //

27 //

28

### SECOND CAUSE OF ACTION
### FOR VIOLATION OF THE INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT
**(Violation of California Civil Code 1786, et seq.)**
**(On Behalf of Plaintiff against all Defendants)**

53.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

54.     At all relevant times, Plaintiff was a consumer as that term is defined in Civil Code § 1786.2(b), and Defendant and Does 1 to 100 are defined as a person as that term is defined in Civil Code § 1786.2(a) and procured or cause to be prepared an investigative consumer report as that term is defined in Civil Code § 1786.2(c) on Plaintiff for employment purposes under Civil Code § 1786.12(d)(1) without meeting the following applicable conditions required by Civil Code § 1786.16(a)(2).

55.     Specifically, Defendants violated Civil Code § 1786.16(a)(2)(B) because they failed to provide Plaintiff a "clear and conspicuous" disclosure in a writing before the report was procured or caused to be made in a document that consists solely of the disclosure, and that (1) the disclosure provided to Plaintiff contained a waiver of rights; (2) did not state the permissible purpose of the report under Labor Code §1024.5; and (3) did not identify the name and address of the investigative consumer reporting agency conducting the investigation.

56.     Like the FCRA, the ICRAA also requires that an employer who undertakes an adverse action against the employee based on items contained in the background check provide the employee with a copy of the background check, along with a summary of rights under the ICRAA. Cal. Civil Code §1786.40. The report and the summary of rights must be provided before any adverse action can be undertaken.

57.     As stated above, Defendants did not provide the disclosure form as a standalone document, and did not provide Plaintiff with copies of her background report and a summary of their rights under the ICRAA prior to Defendants undertaking an adverse action against her.

58.     Defendants were either grossly negligent in violating, or willfully violated, the ICRAA by acting without a good faith, reasonable belief in the legality of their actions, and/or in deliberate or reckless disregard of their legal obligations and the rights of Plaintiff under the statute.

59.     Plaintiff has been damaged by these violations and seek the following relief pursuant to pursuant to Civil Code § 1786.50:

    a.  Any actual damages sustained by the consumer as a result of the failure or, ten thousand dollars ($10,000), whichever sum is greater;

    b.  the costs of the action together with reasonable attorney's fees as determined by the court; and

    c.  In the case of a violation that was grossly negligent or willful, punitive damages.

## THIRD CAUSE OF ACTION
### UNFAIR COMPETITION LAW VIOLATIONS
### (BUS. & PROF. CODE § 17200, ET SEQ.)
### On Behalf of Plaintiff and the Class Against All Defendants

60.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

61.     Section 17200 of the California Business & Professions Code prohibits any unlawful, unfair, or fraudulent business practices.  Business & Professions Code § 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL.  Such a person may bring such an action on behalf of himself and others similarly situated who are affected by the unlawful, unfair, or fraudulent business practice.

62.     Under section 17208 of the California Business and Professions Code, the statute of limitations for a claim under Section 17200 is four years.  Accordingly, the actionable period for this cause of action is four years prior to the filing of this Complaint through the present, and on-going until the violations are corrected, or the Class is certified.

63.     Section 90.5(a) of the Labor Code states that it is the public policy of California to enforce vigorously minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law

1   from those who attempt to gain competitive advantage at the expense of their workers by failing to

2   comply with minimum labor standards.

3        64.    As a direct and proximate result of Defendants' unlawful business practices,

4   Plaintiff and the Class Members have suffered economic injuries.  Defendants have profited from

5   its unlawful, unfair, and/or fraudulent acts and practices.

6        65.    Plaintiff and similarly situated Class Members are entitled to monetary relief

7   pursuant to Business & Professions Code §§ 17203 and 17208 for all unlawful background checks

8   Defendant performed, from at least four years prior to the filing of this complaint through to the

9   date of such restitution, at rates specified by law.  Defendants should be required to disgorge all the

10   profits and gains it has reaped and restore such profits and gains to Plaintiff and Class Members,

11   from whom they were unlawfully taken.

12        66.    Through its actions alleged herein, Defendants have engaged in unfair competition

13   within the meaning of section 17200 of the California Business & Professions Code, because

14   Defendants' conduct, as herein alleged has damaged Plaintiff and the Class Members by subjecting

15   them to background checks in violation of the law, and therefore was substantially injurious to

16   Plaintiff and the Class Members.

17        67.    Defendants engaged in unfair competition in violation of sections 17200 et seq. of

18   the California Business & Professions Code by violating the FCRA and the ICRAA.

19        68.    Defendants' course of conduct, act and practice in violation of the California laws

20   mentioned above constitute independent violations of sections 17200 et seq. of the California

21   Business and Professions Code.

22        69.    Plaintiff and similarly situated Class Members are entitled to enforce all applicable

23   penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

24        70.    Plaintiff has assumed the responsibility of enforcement of the laws and public

25   policies specified herein by suing on behalf of herself and other similarly situated Class Members

26   previously or presently employed by Defendants in California.  Plaintiff's success in this action

27   will enforce important rights affecting the public interest. Plaintiff will incur a financial burden in

28

JUN 09 2022

1  pursuing this action in the public interest.  Therefore, an award of reasonable attorneys' fees to

2  Plaintiff is appropriate pursuant to Code of Civil Procedure §1021.5, and Labor Code § 1194.

### JURY DEMAND

4      71.    Plaintiff hereby demands trial by jury of her and the Class's claims against

5  Defendants.

### PRAYER FOR RELIEF

8      Wherefore, Plaintiff, on behalf of herself and the members of the Class, pray for judgment

9  against Defendants as follows:

10      1.    An Order than this action may proceed and be maintained as a class action;

11      2.    On the First Cause of Action:

12      a.    A declaratory judgment that Defendants willfully violated the FCRA, 15

13  U.S.C. § 1681b(b)(2)(A)(i);

14      b.    An award of statutory damages in the amount of not less than $100 and not

15  more than $1,000 per violation per Class member pursuant to 15 U.S.C. § 1681n(a);

16      c.    An award of punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

17      d.    An award of costs and reasonable attorney's fees pursuant to 15 U.S.C. §

18  1681n and 1681o.

19      3.    On the Second Cause of Action:

20      a.    A declaratory judgment that Defendants willfully violated the ICRAA, Civil

21  Code §1786, et seq.;

22      b.    All compensatory, statutory, and punitive damages allowed pursuant to

23  Civil Code § 1786.50

24      c.    An award of costs and reasonable attorney's fees pursuant to Civil Code §

25  1786.50.

26      4.    On the Third Cause of Action:

27      a.    That the Court find and declare that Defendants have violated the UCL and

28

JUN 0 9 2022

1  committed unfair and unlawful business practices by subjecting Plaintiff and Class Members to

2  unlawful background checks;

3      b.      Restitution, including, but not limited to, the relief permitted by the FCRA

4  and ICRAA, as well as a disgorgement of all profits associated with Defendants' unlawful policies

5  as described above;

6      5.      All other relief as this Court deems proper.

7

8  Dated: May 17, 2022                     Respectfully,

9                                          POTTER HANDY LLP.

10

11                                         *James Treglio*

12                                         By:   James M. Treglio

13                                               Counsel for Plaintiff and the Putative Class

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| James M. Treglio (SBN 228077)<br>Potter Handy, LLP<br>100 Pine St., Ste 1250, San Francisco, CA 94111 | RECEIVED<br>CIVIL DROP BOX<br><br>2022 MAY 19  PM12:10<br><br>GORDON<br>SUPERIOR COURT<br>OF CALIFORNIA<br>SACRAMENTO COUNTY |

TELEPHONE NO.: (858) 375-7385   FAX NO. *(Optional)*: 888-422-5191

ATTORNEY FOR *(Name)*: Plaintiff, Gloria Mallett

JUN 0 9 2022

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**
STREET ADDRESS: 720 9th Street,
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Gordon D. Schaber Sacramento County Courthouse,

CASE NAME: Mallett v. Home Health Care Management. Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited**<br>(Amount demanded exceeds $25,000) | [ ] **Limited**<br>(Amount demanded is $25,000) | [ ] Counter | [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [x] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [x] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: 3 - Violations of FCRA, ICRAA, UCL
5. This case [x] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: May 16, 2022

James M. Treglio
_____
(TYPE OR PRINT NAME)                                    ▶          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

JUN 08 2022

**Superior Court of California, County of Sacramento**
720 Ninth Street Sacramento, CA 95814-1380 (916)
874-5522—Website www.saccourt.ca.gov

## NOTICE AND ORDER OF COMPLEX CASE DETERMINATION

Case Title: _GLORIA MALLET v. HOME HEALTH CARE MANAGEMENT_   Case Number: 2022-00320317

Having reviewed and considered the pleadings on file, the court orders:

☑ **THE CASE IS DEEMED COMPLEX** and is assigned to:

____ Hon. Jill Talley presiding in department 25       ____ Hon. Lauri Damrell presiding in dept. 28

This assignment is for all purposes pursuant to California Rules of Court 3.734, et seq. for complex case management, law and motion, and pre-assigned to this department for trial. Other motions reference in Local Rule 1.05 shall also be heard in this department.

| This action involves one or more of the following: | The action is likely to involve: |
|---|---|
| ☐ Antitrust or trade regulations claims | ☐ Numerous pretrial motions raising difficult or novel legal issues that will be time-consuming to resolve |
| ☐ Construction defect claims involving many parties | ☑ Management of large number of witnesses or a substantial amount of documentary evidence |
| ☐ Securities claims or investment losses involving many parties | ☐ Management of a large number of separately represented parties |
| ☐ Environmental or toxic tort claims involving many parties | ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court |
| ☐ Claims involving mass torts | |
| ☑ Claims involving class actions | ☐ Substantial post judgment judicial supervision |
| ☐ Insurance coverage claims arising out of any of the claims listed above | ☐ Other: |

Government Code section 70616 establishes the fees for complex cases. Pursuant to Government Code section 70616, any non-exempt party who has appeared in this action, but who has not paid the required complex case fee, is ordered to pay the fee to the clerk within ten calendar days of the filing of this order. Failure to pay the required fees shall have the same effect as the failure to pay a filing fee, and shall be subject to the same enforcement and penalties (Cal. Gov. Code § 70616(g)).

☐ **THE CASE IS DECLARED NOT COMPLEX:** Any complex case fees that the parties have previously paid pursuant to 70616(a) or (b) shall be reimbursed upon submission of a refund request together with a copy of this minute order by the paying party to the Court's Civil General Civil Processing Unit. It may be submitted by mail or placed in one of the Civil Drop Boxes located in Room 102 and the lobby of the Gordon D. Schaber Courthouse at 720 9th Street, Sacramento CA 95814.

**The plaintiff is directed to serve all other parties with a copy of this order.**

DATED: _____5/26/2022_____       _____

STEVEN GEVERCER
Supervising Judge Civil Division
Superior Court of California, County of Sacramento

JUN 09 2022

## CERTIFICATE OF SERVICE BY MAILING
### (C.C.P. Sec. 1013a(4))

GLORIA MALLET v. HOME HEALTH CARE MANAGEMENT
Case No.: 2022-00320317

I, the Clerk of the Superior Court of California, County of Sacramento, certify that I am not a party to this cause, and on the date shown below I served the foregoing **NOTICE and ORDER OF COMPLEX CASE DETERMINATION,** by depositing true copies thereof, enclosed in separate, sealed envelopes with the postage fully prepaid, in the United States Mail at Sacramento, California, each of which envelopes was addressed respectively to the persons and addresses shown below:

**Mark D. Potter**
POTTER HANDY LLP
100 Pine Street Ste 1250
San Francisco, CA 94111

I, the undersigned deputy clerk, declare under penalty of perjury that the foregoing is true and correct.

Dated: 5/27/22

Superior Court of California,
County of Sacramento

N. Smith

EXHIBIT B

1  Treaver K. Hodson, SBN: 179184
   Alexandra M. Asterlin, SBN: 221286
2  PALMER KAZANJIAN WOHL HODSON LLP
   2277 Fair Oaks Boulevard, Suite 455
3  Sacramento, CA 95825
   Telephone:     (916) 442-3552
4  Facsimile:     (916) 640-1521

5  Attorneys for Defendant
   HOME & HEALTH CARE MANAGEMENT

6

7                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                     IN AND FOR THE COUNTY OF SACRAMENTO

9

10  GLORIA MALLETT, individually and          Case No. 34-2022-00320317
    on behalf of all others similarly situated,

11                                            ANSWER TO COMPLAINT
            Plaintiff,

12
            v.
13                                            Complaint Filed:    May 19, 2022
    HOME HEALTH CARE                          Trial Date:         N/A
14  MANAGEMENT, INC., doing business
    as HOME AND HEALTH CARE
15  MANAGEMENT, a California
    corporation, and DOES 1 to 100,
16  inclusive,

17          Defendants.

18

19          Defendant HOME HEALTH CARE MANAGEMENT, INC., doing business as HOME AND

20  HEALTH CARE MANAGEMENT (hereafter "Defendant") hereby answers Plaintiff GLORIA

21  MALLETT's (hereafter "Plaintiff")'s Complaint as follows:

22                               **GENERAL DENIAL**

23          Defendant, pursuant to California Code of Civil Procedure section 431.30(d), denies each and

24  every allegation contained in the Complaint, conjunctively and disjunctively, and further denies that

25  Plaintiff has suffered any damages in the sums alleged or any other sum or at all and further generally

26  and specifically denies that Plaintiff is entitled to any relief whatsoever.

27

28

PALMER KAZANJIAN
WOHL HODSON LLP
2277 Fair Oaks Blvd., Suite 455
Sacramento, CA 95825
916.442.3552

ANSWER TO COMPLAINT

## AFFIRMATIVE DEFENSES

1.      FOR AND AS A FIRST SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, Plaintiff has failed to set forth factual allegations that state a claim for relief.

2.      FOR AND AS A SECOND SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, Plaintiff lacks standing to pursue her claims under Article III of the U.S. Constitution.

3.      FOR AND AS A THIRD SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, Plaintiff's claims are barred by the applicable statute of limitations, including but not limited to those delineated in 15 U.S.C. §1681, *et seq.* ("FCRA"), California Civil Code §1786, *et seq.* ("ICRRA"), and/or California Business & Professions Code §17200.

4.      FOR AND AS A FOURTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, Plaintiff's Complaint does not state, and Plaintiff cannot establish, a failure to make required disclosures under the FCRA or the ICRRA.

5.      FOR AND AS A FIFTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, to the extent Plaintiff claims Defendant willfully violated the FCRA, which Defendant denies, any violation was not willful because Defendant's interpretation of the FCRA is not objectively unreasonable.

6.      FOR AND AS A SIXTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, to the extent Plaintiff claims Defendant willfully violated the FCRA, which Defendant denies, Plaintiff cannot establish Defendant's actions were taken in willful disregard of its statutory duties and said actions were known to violate the FCRA.

7.      FOR AND AS A SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, to the extent Plaintiff claims Defendant negligently violated the FCRA, which Defendant denies, Plaintiff cannot establish such a violation.

8.      FOR AND AS AN EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, to the extent Plaintiff claims Defendant violated the ICRRA, which Defendant denies, Plaintiff cannot establish such a violation.

PALMER KAZANJIAN
WOHL HODSON LLP
2277 Fair Oaks Blvd., Suite 455
Sacramento, CA 95825
916.442.3552

ANSWER TO COMPLAINT                                    2.

9.    FOR AND AS A NINTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, Defendant contends any failure to comply with the requirements of the FCRA and/or the ICRRA were caused by intervening third party conduct.

10.   FOR AND AS A TENTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, Plaintiff cannot establish Defendant took adverse action based upon a consumer report.

11.   FOR AND AS AN ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, Defendant contends any action taken by Defendant was based upon lawful, legitimate reasons.

12.   FOR AND AS A TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, all actions taken concerning Plaintiff would have been taken without regard to the unlawful bases alleged by Plaintiff.

13.   FOR AND AS A THIRTEETH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, Plaintiff's claims are barred in whole or in part because a private litigant is not entitled to injunctive or declaratory relief under the FCRA.

14.   FOR AND AS A FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, any and all acts by Defendant were taken for lawful business reasons.

15.   FOR AND AS AN FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, at all times, the treatment of Plaintiff was with good cause, in good faith, for legitimate business reasons, and not as a pretext for illegal actions.

16.   FOR AND AS A SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, Defendant alleges if Plaintiff sustained any injury, damage, or loss by reason of any act, error or omission on the part of Defendant, said injury, damage, or loss must be reduced on the basis of comparative fault or negligence of Plaintiff or others which contributed to and proximately caused any such injury, damage or loss.

17.   FOR AND AS A SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, Defendant alleges Plaintiff is barred from recovery by Plaintiff's own willful and wanton conduct or by similar such conduct of Plaintiff's agents, partners or joint actors, all of which proximately caused any damage claimed in this action.

PALMER KAZANJIAN
WOHL, HODSON LLP
2277 Fair Oaks Blvd., Suite 455
Sacramento, CA 95825
916.442.3552

ANSWER TO COMPLAINT

3.

18.     FOR AND AS AN EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, Plaintiff's claims pursuant to Bus. & Prof. Code § 17200 *et seq.* are barred because those statutes are unconstitutionally vague and overly broad, and the manner in which Plaintiff alleges it applies to the business practices of Defendant constitute a violation of due process.

19.     FOR AND AS A NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, Defendant's practices alleged therein are not unfair, unlawful or fraudulent, the public is not likely to be deceived by any such alleged practices; Defendant gained no competitive advantage by such practices; and the benefits of the alleged practices outweigh any harm or other impact they may cause.

20.     FOR AND AS A TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, as applied to the allegations set forth in the Complaint, the provisions of Bus. & Prof. Code § 17200 *et seq.* relied upon by Plaintiff are unconstitutional because they violate Defendant's rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and/or Article I, Section 7 of the California Constitution in that, among other things, Plaintiff seeks adjudication of the claims of absent parties, relief based upon the claims of absent parties, and/or remedies or judgments in favor of absent parties, over whom this Court has no jurisdiction.

21.     FOR AND AS A TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, the provisions of Bus. & Prof. Code § 17200 *et seq.* relied upon by Plaintiff are unconstitutionally vague, and thus Plaintiff's claims violate Defendant's rights under the United States and California Constitutions.

22.     FOR AND AS A TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, the Complaint does not state, and Plaintiff cannot establish, the requisite requirements to maintain a class action.

23.     FOR AND AS A TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, the Complaint does not state, and Plaintiff cannot establish, that there is a well-defined community interest to maintain a class action.

PALMER KAZANJIAN
WOHL HODSON LLP
2277 Fair Oaks Blvd., Suite 455
Sacramento, CA 95825
916.442.3552

ANSWER TO COMPLAINT                                        4.

24.    FOR AND AS A TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, the Complaint does not state, and Plaintiff cannot establish, that common questions of law or facts predominate to maintain a class action.

25.    FOR AND AS A TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, the Complaint does not state, and Plaintiff cannot establish, that her claims are typical to maintain a class action.

26.    FOR AND AS A TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, the Complaint does not state, and Plaintiff cannot establish, that she can adequately represent the class to maintain a class action.

27.    FOR AND AS A TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, the Complaint does not state, and Plaintiff cannot establish, that a class action is the superior method for adjudicating this dispute.

28.    FOR AND AS A TWENTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, Plaintiff cannot establish Article III standing for each and every of the purported members of the purported class.

29.    FOR AND AS A TWENTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, any purported class is prohibited from collecting actual damages. Civil Code §1786.50.

30.    FOR AND AS A THIRTIETH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, the Complaint is uncertain.

31.    FOR AND AS A THIRTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, Plaintiff's claims are barred by the doctrine of laches.

32.    FOR AND AS A THIRTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, Plaintiff's claims are barred by the doctrine of unclean hands.

33.    FOR AND AS A THIRTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, Plaintiff's claims are barred by the doctrine of waiver.

34.    FOR AND AS A THIRTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, Plaintiff is estopped from bringing her claims.

PALMER KAZANJIAN
WOHL HODSON LLP
2277 Fair Oaks Blvd., Suite 455
Sacramento, CA 95825
916.442.3552

ANSWER TO COMPLAINT                                        5.

35.     FOR AND AS A THIRTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, if Plaintiff is injured, Defendant's actions were not the actual or proximate cause of such injuries.

36.     FOR AND AS A THIRTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, Plaintiff's claims are barred in whole or part because she did not suffer any damages.

37.     FOR AND AS A THIRTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, to the extent Plaintiff has suffered or will suffer damages, Plaintiff's own actions, inactions, or negligence have caused or contributed to such damages, therefore, Plaintiff's claims are barred or, alternatively, any recovery due to Plaintiff must be reduced in proportion to such fault on the part of Plaintiff.

38.     FOR AND AS A THIRTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, Plaintiff is not entitled to the equitable relief sought insofar as she has an adequate remedy at law.

39.     FOR AND AS A THIRTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, Plaintiff has failed to mitigate alleged damages.

40.     FOR AND AS A FORTIETH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, Defendant has not acted with malice, oppression or fraud, and did not engage in any despicable acts, that would allow for imposition of punitive damages, see Civ. Code § 3294.

41.     FOR AND AS A FORTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, the provisions of state law allowing the procedures and standards for the imposition of punitive damages violates rights provided under the First, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and under the Constitution of the State of California.

42.     FOR AND AS A FORTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, Defendant presently has insufficient knowledge upon which to form a belief as to whether it may have additional affirmative defenses not stated herein. Defendant expressly reserves the right to assert additional defenses in the event discovery indicates it would be appropriate.

PALMER KAZANJIAN
WOHL HODSON LLP
2277 Fair Oaks Blvd., Suite 455
Sacramento, CA 95825
916.442.3552

ANSWER TO COMPLAINT                                6.

**PRAYER**

WHEREFORE, Defendant prays as follows:

1.      Plaintiff takes nothing by way of the Complaint and the Complaint be dismissed with prejudice;

2.      For costs of suit and reasonable attorneys' fees incurred herein; and

3.      For such other and further relief as this Court deems proper.

Dated: July 11, 2022                                    PALMER KAZANJIAN WOHL HODSON LLP


By: _____
                                                                Treaver K. Hodson
                                                                Alexandra M. Asterlin

                                                                Attorneys for Defendant
                                                                HOME & HEALTH CARE MANAGEMENT

PALMER KAZANJIAN
WOHL, HODSON LLP
2277 Fair Oaks Blvd., Suite 455
Sacramento, CA 95825
916.442.3552

ANSWER TO COMPLAINT                                        7.

**PROOF OF SERVICE**

I am employed in the City and County of Sacramento, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 2277 Fair Oaks Boulevard, Suite 455, Sacramento, CA 95825.

On Monday, July 11, 2022, the following document(s):

**ANSWER TO COMPLAINT**

were served on all parties in this action addressed as follows:

Mark Potter
James Treglio
Potter Handy LLP
100 Pine Street, Suite 1250
San Francisco, CA  94111
mark@potterhandy.com
jimt@potterhandy.com

Service was accomplished by:

☒      **MAIL** – I am readily familiar with the firm's practice of collection and processing documents and correspondence for mailing.  Under that practice, the envelope would be deposited with the U.S. Postal Service on today's date with postage thereon fully prepaid at Sacramento, California in the ordinary course of business.

☒      **ELECTRONIC MAIL** – I served via electronic mail the above-described documents to the person or persons at the email addresses listed above on the date stated herein.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.  My email address is sragusa@pkwhlaw.com.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 11, 2022 in Sacramento, California.

Sandi Ragusa

PALMER KAZANJIAN
WOHL HODSON LLP
2277 Fair Oaks Blvd., Suite 455
Sacramento, CA 95825
916.442.3552

PROOF OF SERVICE

EXHIBIT C

1   Treaver K. Hodson, SBN: 179184
    Alexandra M. Asterlin, SBN: 221286
2   PALMER KAZANJIAN WOHL HODSON LLP
    2277 Fair Oaks Boulevard, Suite 455
3   Sacramento, CA 95825
    Telephone:   (916) 442-3552
4   Facsimile:   (916) 640-1521

5   Attorneys for Defendant
    HOME & HEALTH CARE MANAGEMENT

6

7                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                      IN AND FOR THE COUNTY OF SACRAMENTO

9

10  GLORIA MALLETT, individually and          Case No. 34-2022-00320317
    on behalf of all others similarly situated,

11                                            DEFENDANT HOME & HEALTH CARE
              Plaintiff,                       MANAGEMENT'S NOTICE TO STATE
12                                            COURT OF REMOVAL OF ACTION TO
         v.                                   FEDERAL COURT
13
    HOME HEALTH CARE
14  MANAGEMENT, INC., doing business
    as HOME AND HEALTH CARE               Complaint Filed:   May 19, 2022
15  MANAGEMENT, a California              Trial Date:        N/A
    corporation, and DOES 1 to 100,
16  inclusive,

17            Defendants.

18

19

20         TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21         PLEASE TAKE NOTICE HEREBY GIVEN that Defendant HOME & HEALTH CARE

22  MANAGEMENT (hereafter "Defendant") has on this day filed a *Notice of Removal of Action to*

23  *Federal Court Under 28 U.S.C. § 1441(c) (Federal Question)* in the Office of the Clerk of the United

24  States District Court for the Eastern District of California, Sacramento Division, under 28 U.S.C. §§

25  1331, 1367, 1441 and 1446.  A copy of said notice is attached hereto as **Exhibit "A**."

26         PLEASE TAKE FURTHER NOTICE that, by the filing of the notice of removal and this

27  notice, removal of the above-entitled action from this Court to the United States District Court has

28

been effected under 28 U.S.C. §§ 1441 and 1446, and this Court shall proceed no further unless and until the action is remanded.

Dated: July 11, 2022                    PALMER KAZANJIAN WOHL HODSON LLP

By: _____

Treaver K. Hodson
Alexandra M. Asterlin

Attorneys for Defendant
HOME & HEALTH CARE MANAGEMENT

PALMER KAZANJIAN
WOHL, HODSON LLP
2277 Fair Oaks Blvd., Suite 455
Sacramento, CA 95825
916.442.3552

DEFENDANT HOME & HEALTH CARE MANAGEMENT'S NOTICE TO
STATE COURT OF REMOVAL OF ACTION TO FEDERAL COURT

2.

1

**PROOF OF SERVICE**

2

       I am employed in the City and County of Sacramento, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 2277 Fair Oaks Boulevard, Suite 455, Sacramento, CA 95825.

3

4

       On Monday, July 11, 2022, the following document(s):

5

**DEFENDANT HOME & HEALTH CARE MANAGEMENT'S NOTICE TO STATE COURT OF REMOVAL OF ACTION TO FEDERAL COURT**

6

were served on all parties in this action addressed as follows:

7

8

Mark Potter
James Treglio
Potter Handy LLP
100 Pine Street, Suite 1250
San Francisco, CA  94111
mark@potterhandy.com
jimt@potterhandy.com

9

10

11

       Service was accomplished by:

12

☒    **MAIL** – I am readily familiar with the firm's practice of collection and processing documents and correspondence for mailing.  Under that practice, the envelope would be deposited with the U.S. Postal Service on today's date with postage thereon fully prepaid at Sacramento, California in the ordinary course of business.

13

14

15

☒    **ELECTRONIC MAIL** – I served via electronic mail the above-described documents to the person or persons at the email addresses listed above on the date stated herein.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.  My email address is sragusa@pkwhlaw.com.

16

17

       I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

18

19

       Executed on July 11, 2022 in Sacramento, California.

20

Sandi Ragusa

21

22

23

24

25

26

27

28

PALMER KAZANJIAN
WOHL HODSON LLP
2277 Fair Oaks Blvd., Suite 455
Sacramento, CA  95825
916.442.3552

DEFENDANT HOME & HEALTH CARE MANAGEMENT'S NOTICE TO
STATE COURT OF REMOVAL OF ACTION TO FEDERAL COURT

EXHIBIT D

1  Treaver K. Hodson, SBN: 179184
   Alexandra M. Asterlin, SBN: 221286
2  PALMER KAZANJIAN WOHL HODSON LLP
   2277 Fair Oaks Boulevard, Suite 455
3  Sacramento, CA 95825
   Telephone:    (916) 442-3552
4  Facsimile:    (916) 640-1521

5  Attorneys for Defendant
   HOME & HEALTH CARE MANAGEMENT

6

7                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                        IN AND FOR THE COUNTY OF SACRAMENTO

9

10 GLORIA MALLETT, individually and        Case No. 34-2022-00320317
   on behalf of all others similarly situated,
11
                Plaintiff,
12
        v.                                 DEFENDANT HOME & HEALTH CARE
13                                         MANAGEMENT'S NOTICE TO PLAINTIFF
                                           OF REMOVAL OF ACTION TO FEDERAL
14 HOME HEALTH CARE                        COURT
   MANAGEMENT, INC., doing business
15 as HOME AND HEALTH CARE
   MANAGEMENT, a California               Complaint Filed:    May 19, 2022
16 corporation, and DOES 1 to 100,         Trial Date:         N/A
   inclusive,
17
                Defendants.
18

19

20 TO PLAINTIFF AND HER ATTORNEY OF RECORD:

21         PLEASE TAKE NOTICE that on July 11, 2022, Defendant HOME & HEALTH CARE

22 MANAGEMENT (hereafter "Defendant"), filed in the United States District Court for the Eastern

23 District of California, Sacramento Division its *Notice of Removal of Action to Federal Court Under*

24 *28 U.S.C. § 1441(c) (Federal Question)*, a true and correct copy of which is attached as **Exhibit "A"**

25 hereto.  On the same date, Defendant also filed in the Superior Court of the State of California in and

26 for the County of Sacramento its *Notice to State Court of Removal of Action to Federal Court*, and

27 served the same on Plaintiff, thereby effecting removal of the above-entitled action from the Superior

28

PALMER KAZANJIAN
WOHL HODSON LLP
2277 Fair Oaks Blvd., Suite 455
Sacramento, CA 95825
916.442.3552

DEFENDANT HOME & HEALTH CARE MANAGEMENT'S NOTICE TO
PLAINTIFF OF REMOVAL OF ACTION TO FEDERAL COURT

1    Court of the State of California, County of Sacramento, to the United States District Court, Eastern

2    District of California, Sacramento Division pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446.

3    Dated: July 11, 2022                          PALMER KAZANJIAN WOHL HODSON LLP

4

5                                          By: _____
                                                Treaver K. Hodson
6                                               Alexandra M. Asterlin

7                                               Attorneys for Defendant
                                                HOME & HEALTH CARE MANAGEMENT

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT HOME & HEALTH CARE MANAGEMENT'S NOTICE TO
PLAINTIFF OF REMOVAL OF ACTION TO FEDERAL COURT                    2.

# PROOF OF SERVICE

I am employed in the City and County of Sacramento, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 2277 Fair Oaks Boulevard, Suite 455, Sacramento, CA 95825.

On Monday, July 11, 2022, the following document(s):

**DEFENDANT HOME & HEALTH CARE MANAGEMENT'S NOTICE TO PLAINTIFF OF REMOVAL OF ACTION TO FEDERAL COURT**

were served on all parties in this action addressed as follows:

Mark Potter
James Treglio
Potter Handy LLP
100 Pine Street, Suite 1250
San Francisco, CA  94111
mark@potterhandy.com
jimt@potterhandy.com

Service was accomplished by:

☒ **MAIL** – I am readily familiar with the firm's practice of collection and processing documents and correspondence for mailing.  Under that practice, the envelope would be deposited with the U.S. Postal Service on today's date with postage thereon fully prepaid at Sacramento, California in the ordinary course of business.

☒ **ELECTRONIC MAIL** – I served via electronic mail the above-described documents to the person or persons at the email addresses listed above on the date stated herein.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.  My email address is sragusa@pkwhlaw.com.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 11, 2022 in Sacramento, California.

Sandi Ragusa

PALMER KAZANJIAN
WOHL HODSON LLP
2277 Fair Oaks Blvd., Suite 455
Sacramento, CA  95825
916.442.3552

DEFENDANT HOME & HEALTH CARE MANAGEMENT'S NOTICE TO
PLAINTIFF OF REMOVAL OF ACTION TO FEDERAL COURT

**PROOF OF SERVICE**

I am employed in the City and County of Sacramento, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 2277 Fair Oaks Boulevard, Suite 455, Sacramento, CA 95825.

On Monday, July 11, 2022, the following document(s):

**DEFENDANT HOME & HEALTH CARE MANAGEMENT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. §141(C) (FEDERAL QUESTION)**

were served on all parties in this action addressed as follows:

Mark Potter
James Treglio
Potter Handy LLP
100 Pine Street, Suite 1250
San Francisco, CA  94111
mark@potterhandy.com
jimt@potterhandy.com

Service was accomplished by:

☒ **MAIL** – I am readily familiar with the firm's practice of collection and processing documents and correspondence for mailing.  Under that practice, the envelope would be deposited with the U.S. Postal Service on today's date with postage thereon fully prepaid at Sacramento, California in the ordinary course of business.

☒ **ELECTRONIC MAIL** – I served via electronic mail the above-described documents to the person or persons at the email addresses listed above on the date stated herein.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.  My email address is sragusa@pkwhlaw.com.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 11, 2022 in Sacramento, California.

Sandi Ragusa

PALMER KAZANJIAN
WOHL HODSON LLP
2277 Fair Oaks Blvd., Suite 455
Sacramento, CA  95825
916.442.3552

DEFENDANT HOME & HEALTH CARE MANAGEMENT'S NOTICE OF
REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C.§1441(c)
(Federal Question)